## TRAER V. SYTHE.

*Appeal from Benton District Court — Thursday, June 4.*

SATISFACTION OF JUDGMENT: PROOF OF, ETC.

This is a suit in equity, the object of which is to compel the defendant to satisfy of record a certain judgment in his favor against one Armstrong, and which is an apparent lien upon land, the legal title to which is now in the plaintiff. The ground of the bill is, that, about March, 1865, Armstrong paid the defendant the full amount of the judgment, and received from him a written satisfaction of the same. The answer denies the alleged payment, and the genuineness of the alleged written satisfaction.

The cause was referred to a referee, who heard the same upon the evidence, and reported that the judgment "was fully paid and satisfied by Armstrong, to whom the defendant gave a receipt in full satisfaction, and signed the same with his own proper hand.". This report was confirmed by the District Court, and a decree entered therein directing the clerk to enter satisfaction in full of the judgment upon the records of the court. From this decree the defendant appeals.

*S. P. Vanatta* for the appellant — *J. C. Traer* for the appellee.

DILLON, Ch. J. — The cause was triable by the first method, and on the appeal is to be heard *de novo*, without any presumption in favor of the correctness of the decree below.

The burden of proof is with the plaintiff. It is on him satisfactorily to show the alleged payment, or the genuineness of the receipt purporting to be signed by the defendant.

A careful examination of the evidence has failed to satisfy us that the judgment was ever paid. Each member of the court has separately examined the evidence, and each has separately reached this conclusion. The original receipt is lost, and was not before the referees, nor is it before us. The testimony of the experts was conflicting, and is unsatisfactory. The weight of the testimony, however, is with the defendant. Were the original before us, with admitted genuine signatures, so that we could make the comparison, we might arrive at a different conclusion. As it is, we are not prepared to hold that the plaintiff has established the genuineness of the disputed instrument by the weight of faithworthy evidence.

As the controverted questions are wholly questions of fact, it is not deemed advisable to state the grounds of our conclusion more *in extenso*. We are of opinion that the bill ought to be dismissed, and that the defendant, on his answer seeking affirmative relief, should have a decree subjecting the land to the payment of the judgment. The decree below is reversed, and cause remanded, with directions to the District Court to enter a decree in conformity with this opinion.

Reversed.